**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE**

**CIVIL ACTION NO. 06-119-DLB**

**GERALD ADAMS**                                                                                 **PLAINTIFF**

vs.                         **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION**                          **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Motion for Summary Judgment of the Plaintiff (Doc. #4) and Motion for Summary Judgment of the Defendant (Doc. #5). Plaintiff seeks review of the Commissioner's decision that he is no longer disabled and terminating his benefits.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Gerald Adams is presently 33 years old. He has a high school education. His past work experience consists of working as a pipe fitter. On October 26, 1999, Plaintiff filed application for period of disability and Disability Insurance Benefits (DIB). (Tr. 64-68). He was ultimately found to be disabled based upon Listing 1.05(C), with an onset date of July 26, 1998, due to a herniated lumbar disc. That listing required a vertebrogenic disorder with both pain, muscle spasm, and significant limitation of motion in the lumbar spine; and appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss. (Tr. 156-58). Upon continuing disability review, the Commissioner notified Plaintiff on December 19, 2003, that because of medical

improvement, his disability had ceased as of December 1, 2003, and that he was no longer considered disabled. (Tr. 160-62). Plaintiff requested a reconsideration of the cessation of his disability status. Further review was conducted on May 28, 2004, and a disability hearing decision affirming was issued September 27, 2004 (tr. 185-95), and sent to Plaintiff by Notice dated October 5, 2004 (tr. 182-84). Plaintiff thereafter requested a hearing before an administrative law judge (ALJ), which was held on November 18, 2005, in Prestonsburg, Kentucky. (Tr. 324-48). By written decision dated January 25, 2006, ALJ James D. Kemper, Jr. ruled that Plaintiff was no longer under a disability and so was not eligible for a continuation of disability payments. (Tr. 16-23). Further review of this decision was denied by the Appeals Council on April 28, 2006. (Tr. 7-9).

The instant action was filed on June 7, 2006. It has now culminated in cross motions for summary judgment.

## II.  DISCUSSION

### A.   Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even

if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

In the case of a review of a finding of disability, there is no presumption of a continuing disability.  *Cutlip v. Secretary,* 25 F.3d 284, 286-87, n.1  (6th Cir. 1994).  When reviewing the Commissioner's decision to terminate benefits, courts look to whether substantial evidence supports the decision and whether correct legal standards were applied.  *Glenn v. Shalala,* 21 F.3d 983, 984 (10th Cir.1994).  An eight-part sequential evaluation process is used in termination reviews.  20 C.F.R. §§ 404.1594.

The Commissioner bears the burden of showing medical improvement by establishing that the claimant's medical condition has improved, the improvement is related to the claimant's ability to work, and the claimant is currently able to engage in substantial gainful activity.  *Glenn,* 21 F.3d at 987 (citing regulations).  The Sixth Circuit describes this review process as follows:

> The first part of the evaluation process, then, focuses on medical improvement.  The implementing regulations define a medical improvement as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled."  20 C.F.R. § 404.1594(b)(1).  A determination of medical improvement "must be based on changes (improvement) in the symptoms, signs, and/or laboratory findings associated with your impairment(s)."  And a medical improvement is only related to an individuals's ability to work "if there has been a decrease in the severity ... of the impairment(s) present at the time of the most recent favorable medical decision and an increase in your functional capacity to do basic work activities." 20 C.F.R. § 404.1594(b)(3).

> The second part of the evaluation process relates to ability to engage in substantial gainful activity.  Here the implementing regulations incorporate many of the standards set forth in the regulations governing initial disability determinations.  *See* 20 C.F.R. § 404.1594(b)(5) and (f)(7).  The difference, of course, is that the ultimate burden of proof lies with the Secretary in termination proceedings.

*Nierzwick v. Comm'r of Social Security,* 7 Fed. Appx. 358, 361 (6th Cir. 2001)(unpublished decision)(quoting *Griego v. Sullivan,* 940 F.2d 942, 944 (5th Cir. 1991)).

Thus, this case turns on whether substantial evidence shows that (1) there has been medical improvement in the claimant's impairment, and (2) the claimant now has the ability to engage in substantial gainful activity. If substantial evidence supports both prongs, then the Commissioner correctly terminated claimant's benefits. *Difford v. Secretary,* 910 F.2d 1316, 1318 (6th Cir. 1990).

**B.     The ALJ's Determination**

The ALJ first found that there had been significant medical improvement in the Plaintiff's impairments related to his ability to do work since the last favorable medical determination had been issued. (Tr. 18-19). ALJ Kemper then determined that Plaintiff had not engaged in substantial gainful activity since being found to be disabled as of July 26, 1998. (Tr. 19). Next, he concluded that Plaintiff has degenerative disc disease of the lumbar spine, which he further concluded was a severe impairment within the meaning of the regulations. (Tr. 19-20). The ALJ proceeded to find, however, that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4; in particular Listing 1.05(C) under which Plaintiff had been previously determined to be disabled. (Tr. 20).

ALJ Kemper next examined the record and determined Plaintiff's residual functional capacity (RFC). He found that Plaintiff retains the RFC to perform medium work, but can never climb ladders, ropes, or scaffolds, and can only occasionally stoop. (Tr. 20-21). Based upon this RFC, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work as a pipe fitter. (Tr. 21-22).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. He found that there were a significant number of jobs available to Plaintiff in the national and regional economies, despite his limitations. (Tr. 23). This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age (32 at the time of ALJ Kemper's decision and so a "younger" individual), education (high school), past relevant work experience (no material transferable skills from any past relevant work), and RFC. (Tr. 345-47). The VE testified that Plaintiff could work at the medium exertional level as a factory assembler or stock handler, light exertional level as a machine operator or night watchman, and sedentary exertional level as a factory assembler or hand finisher. (Tr. 346). Since these were positions of significant number in both the regional and national economies, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (Tr. 23).

**C.     Analysis**

Plaintiff raises two challenges on appeal. He argues that the ALJ's decision to terminate benefits is flawed because he failed to properly consider the additional impairments Plaintiff now has since initially being determined disabled; namely, problems with his neck as well as anxiety and depression, and because the ALJ should have ordered a mental evaluation.

Plaintiff was originally found to be disabled based upon Listing 1.05(C), due to presence of a herniated lumbar disc combined with pain, muscle spasm, significant limitation of motion and radiculopathy. On continuing review, based upon the more recent medical evidence, the ALJ concluded that Adams' lumbar impairment had significantly improved. (Tr. 19). Specifically, the medical evidence reflected that he was no longer

experiencing radicular sensory loss, muscle weakness, or reflex loss, and that his straight leg raising test was now negative. (*Id.*).

Plaintiff has not challenged the ALJ's findings with respect to his original disabling impairment. However, Plaintiff now contends that he has additional impairments that continue to render him disabled. That is, he submits the ALJ erred in determining that his neck problems and anxiety and depression were not severe impairments.

A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting. 20 C.F.R. § 404.1521(b). An impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience. *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir. 1988); *Salmi v. Sec'y of Health & Human Servs.,* 774 F.2d 685, 691 (6th Cir. 1985).

The ALJ reviewed the medical evidence with respect to Plaintiff's complaint of having now developed neck pain. (Tr. 19). The ALJ noted that the treatment records reflected he had full range of motion in his neck, and that objective MRI testing revealed only mild degenerative changes without stenosis. (Tr. 261, 289, 296). Given the lack of evidence of any functional problems associated with a neck condition, the ALJ's conclusion that Plaintiff does not have a severe neck impairment was appropriate. The Sixth Circuit has recognized there are circumstances where such orthopedic complaints may not, in fact, constitute severe impairments. *See, e.g., Baxter v. Sec'y of Health & Human Servs.,* 1986

WL 16265 (6th Cir.)(upheld ALJ's finding that low back pain was not a severe impairment); *Foster v. Sec'y of Health & Human Servs.,* 1990 WL 41835 (6th Cir.)(upheld finding that back and arthritis did not evidence severe impairments).

Plaintiff also contends that he has a mental impairment that is severe, and that the ALJ erred in analyzing his complaints of anxiety and depression. The ALJ's decision reflects that he considered whether Adams had a mental impairment that was severe. (Tr. 19). The ALJ noted that while he had been prescribed anti-anxiety/nerve medication by his treating physician, he had never sought nor been referred for mental health treatment nor were there any objective findings of abnormal mental status. (Tr. 243, 279, 307-08, 312, 314, 321, 343, 344). Rather, Plaintiff had been maintained on the same medication dosage and frequency for some time, and the ALJ observed that whatever functional limitations Plaintiff was experiencing were secondary to his complaints of pain and not anxiety. (Tr. 19).

In addition, Plaintiff failed to provide evidence that he has been diagnosed with depression and that such condition has impacted his ability to do basic work activities. Despite severity of impairment being judged under a "de minimis" standard, at this stage of the proceedings the burden is still upon the claimant to establish the severity of his impairments. *See Murphy v. Sec'y of Health & Human Servs.,* 801 F.2d 182, 185 (6th Cir. 1986). Plaintiff was still required to show he has something more than simply slight abnormalities with anxiety or depression such that his work ability has been affected. Here, given that his treatment providers note no abnormal mental status, that he has had no mental health treatment, that whatever symptoms he is experiencing are capable of being addressed and managed by medication, and that his daily activities and functionally have

not been impacted by any mental impairment, the Court concludes the ALJ's findings in this regard were supported by substantial evidence. *Mowery v. Heckler*, 771 F.2d 966 (6th Cir. 1985).

Plaintiff also complains, in conclusory fashion, that the ALJ failed to consider his conditions in combination. The sequential analysis does require that when determining RFC, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. § 404.1520(e). A review of his decision reflects the ALJ did so. Without further identification by Plaintiff of evidence imposing limitations or restrictions due to his impairments in combination, or further explanation as to how the ALJ failed to consider such evidence, no error in this regard has been established.

Finally, Plaintiff argues that the ALJ erred by not ordering a mental health evaluation. The ALJ was not required to order a mental health examination. The regulations authorize him to do so only if he concludes that the examination is necessary to make a determination of disability. *See* 20 C.F.R. § 404.1519a(b); *see also Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211 (6th Cir. 1986)("full inquiry" does not require consultative exam at government's expense unless record establishes exam is necessary to enable ALJ to make disability decision). Plaintiff is correct in noting that the ALJ has a duty to fully and fairly develop the record. *Lashley v. Sec'y of Health & Human Servs.,* 708 F.2d 1048, 1051 (6th Cir. 1983). Although the ALJ has the basic obligation to develop a full and fair record, he does not act as claimant's counsel. *See Duncan v. Sec'y of Health & Human Servs.,* 801 f.2d 847, 855-56 (6th Cir. 1986); *see also Born v. Sec'y of Health & Human Servs.,* 923 F.2d 1168, 1172 (6th Cir. 1990). There must be a clear showing of prejudice before it is found that a claimant's right to due process has been violated to such

a degree that a case must be remanded to the Commissioner for further development of the record.  *Duncan,* 801 F.2d at 856.  It is insufficient for Plaintiff to simply argue such; rather, he must demonstrate some prejudice and he has failed to do so.  The ALJ had before him a longitudinal view of Plaintiff's condition since his initial application and disability finding up through his most recent treatment. He thoroughly evaluated the record as well as Plaintiff's testimony.  No additional examinations, reports, or opinions were necessary.

In sum, there was substantial evidence to support the ALJ's conclusion that the Plaintiff's disabling medical condition had improved as of December of 2003, which finding was not challenged on appeal.  Moreover, there was also substantial evidence to support the ALJ's conclusion that Plaintiff's disability status did not otherwise continue due to subsequently developed impairments.  Accordingly, the ALJ's decision will be affirmed.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #4) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #5) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 28th day of September, 2007.



G:\DATA\SocialSecurity\MOOs\7-06-119-AdamsMOO.wpd